UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| LEVI JEROME MARSHALL, JR., | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | CV423-218 |
| PHILL HALL, WARDEN, | ) ) ) | |
| Respondent. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

*Pro se* Petitioner Levi Jerome Marshall, Jr., who is incarcerated at Coffee Correctional Facility, was convicted in the Superior Court of Chatham County, Georgia in 2013. *See* doc. 1 at 1. He seeks leave to proceed *in forma pauperis*. Doc. 2. Since he appears to lack sufficient funds to pay the Court's filing fee, that Motion is **GRANTED**. Doc. 2. He has also moved for appointed counsel. Doc. 4. For the reasons explained below, that Motion is **DENIED**. Doc. 4. The Court, therefore, proceeds to screen the Petition. *See* Rule 4, Rules Governing Section 2254 Cases ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge

must dismiss the petition . . . ."). As explained below, the Petition should be **DISMISSED** as second or successive.

Marshall's Motion to appoint counsel somewhat confusingly asserts that he is entitled to appointed counsel because the instant Petition is "equivalent to [his] direct appeal." Doc. 4 at 1. Despite his attempt to recharacterize the nature of the proceeding, it is clearly a Petition for Habeas Corpus, pursuant to 28 U.S.C. § 2254. *See generally* doc. 1. There is no automatic constitutional right to counsel in habeas proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Under 28 U.S.C. § 2254(h) and Rule 8(c) of the Rules Governing Section 2254 Cases (mandating appointment of counsel pursuant to 18 U.S.C. § 3006A when an evidentiary hearing is warranted), the Court has authority to appoint counsel in habeas corpus proceedings brought pursuant to 28 U.S.C. § 2254. However, such requests are discretionary with the courts, and appointment of counsel is "a privilege that is justified only by exceptional circumstances[.]" *Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992) (quoting *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987)). Moreover, it is well settled that "[i]n a habeas corpus action in federal court[,] there is no requirement that counsel be appointed unless

appointment of counsel is necessary to due process." *Norris v. Wainwright*, 588 F.2d 130, 133 (5th Cir. 1979) (cites omitted). As discussed below, the Court lacks jurisdiction to consider the instant Petition, and so his motion is **DENIED**.  Doc. 4.

Marshall's Petition states that he is challenging a 2013 conviction in the Superior Court of Chatham County for malice murder and "false statements." Doc. 1 at 1. He alleges various state proceedings but does not identify any prior federal petitions. *See id.* at 2-4. The Court, however, is aware that Marshall previously filed a § 2254 Petition in this Court challenging the same 2013 conviction. *See Marshall v. Hall*, CV422-220, doc. 1 at 1 (S.D. Ga. Sept. 23, 2022). That Petition was dismissed as untimely. CV422-220, doc. 11 at 4 (S.D. Ga. Oct. 24, 2022). Marshall appealed that dismissal but was denied a certificate of appealability. CV422-220, doc. 19 (S.D. Ga. Mar. 10, 2023). In denying the certificate, the Court of Appeal found "reasonable jurists would not debate the dismissal of Marshall's petition as untimely." *Id.* at 2. Given that prior dismissal, Marshall's instant Petition, challenging the same judgment, is barred as second or successive.

3

"Before a second or successive application [is] permitted . . ., the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). District courts "lack[ ] jurisdiction to decide a second or successive petition filed without [the court of appeals'] authorization." *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1278 (11th Cir. 2014). Consequently, "[a] district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Smalls v. St. Lawrence*, 2012 WL 1119766 at * 1 (S.D. Ga. Feb. 27, 2012) (internal citation and quotation omitted); *see also, e.g., Jackson v. Smith State Prison*, 2023 WL 3590410, at *1 (11th Cir. May 23, 2023) (citing *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003)). "[W]hether a petition is second or successive depends on the *judgment* challenged." *Osbourne v. Sec'y, Fla. Dept. of Corrs.*, 968 F.3d 1261, 1264 (11th Cir. 2020) (quoting *Patterson v. Sec'y, Fla. Dept. of Corrs*, 849 F.3d 1321, 1325 (11th Cir. 2017)) (internal quotation marks omitted). Finally, "[a] dismissal of a § 2254 petition as untimely constitutes a dismissal with prejudice on the merits for purposes of restricting a second or successive

§ 2254 petition." *Jeffus v. Sec'y, Fla. Dep't of Corr.*, 759 F. App'x 773, 775 (11th Cir. 2018) (citing *Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1353, 1359 (11th Cir. 2007)).  As this is Marshall's second habeas action challenging the validity of his 2013 conviction, and he does not allege that he either sought or received leave from the Eleventh Circuit before filing, the case should be **DISMISSED**.

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1–2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either.  28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2254 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added). Any motion for leave to appeal *in forma pauperis* therefore is moot.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy

on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 10th day of August, 2020.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA