IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

LEVI JEROME MARSHALL, JR.,   )
                             )
    Petitioner,               )
                             )
v.                           )    CASE NO. CV423-218
                             )
PHILL HALL,                   )
                             )
    Respondent.               )
                             )

## O R D E R

Before the Court is the Magistrate Judge's August 10, 2023, Report and Recommendation, (doc. 6), to which Petitioner has filed objections, (doc. 7). After a careful review of the record,[1] the Report and Recommendation is **ADOPTED** as the Court's opinion in this case. (Doc. 6.) Accordingly, Marshall's 28 U.S.C. § 2254 Petition is **DISMISSED**. (Doc. 1.)

The Magistrate Judge noted that Marshall had previously filed a § 2254 petition in this Court challenging his 2013 conviction in the Superior Court of Chatham County. (See doc. 6 at 3 (citing Marshall v. Hall, CV422-220, doc. 1 at 1

---

[1] The Court reviews de novo a magistrate judge's findings to which a party objects, and the Court reviews for clear error the portions of a report and recommendation to which a party does not object. 28 U.S.C. § 636(b)(1); see Merchant v. Nationwide Recovery Serv., Inc., 440 F. Supp. 3d 1369, 1371 (N.D. Ga. 2020) (citing Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam) (outlining the standard of review for report and recommendations)).

(S.D. Ga. Sept. 23, 2022)). That Petition was dismissed as untimely. (Id. (citing Marshall, CV422-220, doc. 11 at 4 (S.D. Ga. Oct. 24, 2022)). The Court of Appeals denied Marshall a Certificate of Appealability, finding that "reasonable jurists would not debate the dismissal of Marshall's petition as untimely." (Id. (citing Marshall, CV422-220, doc. 19 at 2 (S.D. Ga. Mar. 10, 2023)). Based on that prior dismissal, the Magistrate Judge recommended that the instant Petition be dismissed as an unauthorized second or successive petition. (Id. at 4-5.)

Marshall's Objection concedes that his Petition states that it challenges his 2013 conviction. (Doc. 7 at 1.) However, he suggests that he is, instead, challenging "the state habeas trial court[']s decision [r]endered on April 15, 2021 . . . which has been exhausted in the [S]tate[']s [h]ighest court . . . ruled on in August 22, 2022 . . . ." (Id.) Marshall is, however, confused. Whether a § 2254 petition is second or successive, as the Magistrate Judge pointed out, depends upon the judgment of conviction at issue. (See doc. 6 at 4 (quoting Osbourne v. Sec'y Fla. Dept. of Corrs., 968 F.3d 1261, 1264 (11th Cir. 2020)).) Whatever subsequent proceedings have occurred in the state courts, Marshall's Objection does not suggest that any new judgment has been entered against him. (See generally doc. 7.) In

fact, documents attached to his Objection indicate that the 2013 conviction remains the relevant judgment. (See doc. 7 at 6.)  Since, as the Magistrate Judge recognized, this is Marshall's second § 2254 petition challenging his confinement pursuant to that judgment, this Court lacks jurisdiction to consider it, unless authorized by the Court of Appeals. See Burton v. Stewart, 549 U.S. 147 (2007); Fugate v. Dept. of Corr., 301 F.3d 1287, 1288 (11th Cir. 2002). Since there is no indication that Marshall even sought, much less received, authorization from the Court of Appeals to file the instant Petition, this Court lacks jurisdiction to consider it. It is, therefore, **DISMISSED**.  Doc. 1.

Applying the Certificate of Appealability (COA) standards set forth in Brown v. United States, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Section 2254 Proceedings for the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final

order adverse to the applicant"). The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this 11th day of September, 2023.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA